**UNITED STATES of America**

v.

**Walter ZIRPOLO et al., Defendants.**

**Crim. No. 562-71.**

United States District Court,
D. New Jersey,
Criminal Division.

Nov. 19, 1971.

———◆———

Herbert J. Stern, U. S. Atty., D. N. J., by Jonathan L. Goldstein, Newark, N. J., for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Leuty.

Wilentz, Goldman & Spitzer, Perth Amboy, N. J., for defendant Colonial Pipeline Co.

Hughes, McElroy, Connell, Foley & Geiser, Newark, N. J., for defendant Karl T. Feldman.

Toolan, Romond, Burgess & Abbott, Perth Amboy, N. J., for defendant Jacks.

Shanley & Fisher, Newark, N. J., for defendant Bechtel Corp.

Williams & Connolly, Washington, D. C., for defendant Walter Zirpolo.

Joseph E. Brill, and Arthur P. Lawler, New York City, for defendant Rowland Tompkins Corp.

OPINION AND ORDER

GARTH, District Judge:

On February 23, 1967, a federal grand jury returned a nine-count indictment charging two conspiracies and seven substantive violations of 18 U.S.C. § 1952. Defendants made more than 40

pretrial motions, one of which sought dismissal of the indictment on the basis of "alleged systematic exclusion of and discrimination against women in compiling the grand jury lists." United States v. Zirpolo, 450 F.2d 424 (3rd Cir. 1971). The District Court denied this motion. 288 F.Supp. 993 (D.N.J.1968).[1] After a lengthy trial, the jury returned a verdict convicting defendant Jacks on Counts I, VI and VII; defendants Feldman and Leuty on Counts I and VI; defendant Colonial Pipeline Company on all Counts; defendant Rowland Tompkins Corporation on Counts I through VI; and defendant Bechtel Corporation on Counts VI and VII. Defendants appealed and the Court of Appeals for this Circuit reversed the convictions holding that the procedure utilized in the selection of the grand jury which returned the indictment was violative of federal law. United States v. Zirpolo, *supra.* On July 29, 1971, the District Court entered an Order on mandate setting aside the convictions and dismissing the indictment.

On August 3, 1971, within six months of both the Court of Appeals decision and the District Court's dismissal of the earlier indictment, a federal grand jury returned a nine-count indictment identical in all material respects with the earlier indictment. Defendants were again charged with the same offenses charged in the earlier indictment, including those upon which the defendants had been acquitted. The aforementioned defendants have each moved to dismiss this latter indictment. In support of their applications to this Court, defendants advance the following contentions:

(1) That the Court of Appeals in United States v. Zirpolo, *supra,* expressly prohibited the present indictment of the defendants;[2]

(2) That the indictment returned against the defendants is barred by 18 U.S.C. § 3282;[3]

(3) That all Counts of the present indictment violate the fifth amendment's prohibition against double jeopardy;

(4) That the Counts of the 1971 indictment which charge offenses upon which defendants were acquitted violate the principle of *autrefois acquit.*[4]

## I.

After holding that the grand jury selection process was unconstitutional, the Court of Appeals in United States v. Zirpolo, *supra,* considered the possible retroactive application of its decision. The Court stated:

" * * * [W]e are concerned that the application of full retroactivity could have a profound effect on the administration of criminal justice. Where a challenge to the jury selection process has been preserved and the statute of limitations has run, no new indictment could be returned. In cases in which the statutory limitation has not expired, reindictments and new trials would be required, creating serious, adverse effects on criminal trial calendars * * *." United States v. Zirpolo, 450 F.2d at 433.

In the case *sub judice,* the Government relies on 18 U.S.C. § 3288 for authority to reindict these defendants on charges upon which they were previously convicted. The applicable language of

1. The District Court relied on United States v. American Oil, 286 F.Supp. 742 (D.N.J.1968), which had denied a similar motion attacking the legality of the grand jury selection process then utilized in this District.

2. In this respect, defendants further argue that the opinion of the Court of Appeals which allegedly bars reindictment of these defendants is *res judicata* and constitutes the "law of the case."

3. "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282.

4. In its brief and at argument before this Court, the Government consented to the dismissal of those Counts as to which these defendants were previously acquitted.

that statute, commonly known as the "saving statute", provides:

"Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury * * * after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment * * *." 18 U.S.C. § 3288.

■ Defendants contend that the Court of Appeals clearly held that the present indictment was barred, notwithstanding the existence of 18 U.S.C. § 3288, and that the statement of the Court in that respect is *res judicata* and the "law of the case". In order for the Court of Appeals to have determined that these defendants could not be reindicted, that Court would have been obliged to hold either:

(1) That 18 U.S.C. § 3282 (the five year Statute of Limitations) had run, and that 18 U.S.C. § 3288 (the six month "saving statute") was inapplicable *after* trial, conviction and reversal on appeal; or

(2) That 18 U.S.C. §. 3288 would permit reindictment *after* trial, conviction and reversal on appeal, but that such reindictment *after* trial, conviction and reversal would violate the fifth amendment's guaranty against double jeopardy.

In my view, either approach would have required some discussion of the language, intent and legislative history of 18 U.S.C. § 3288, as well as discussion of the Constitutional principles pertaining to the guaranty against double jeopardy. (See Sections II and III of this Opinion following).

In the absence of any such analysis or discussion, I can only conclude that the Court of Appeals had not intended the result which the defendants urge. It would seem highly improbable to me that these legislative and constitutional arguments and conclusions were implicit and subsumed within the three bare sentences of the Court of Appeals Opinion cited above.

I therefore hold that the decision of the Court of Appeals in *Zirpolo, supra,* did not preclude reindictment, where such reindictment occurred within the six month period as provided by 18 U.S.C. § 3288. (See Section II of this Opinion).

II.

Defendants contend that 18 U.S.C. § 3282, a five year statute of limitations, bars this prosecution because the last act complained of in the 1971 indictment occurred in 1964. Defendants further argue that 18 U.S.C. § 3288 is unavailable as permitting reindictment in 1971 because the "saving statute" is restricted to only those instances where the first indictment was dismissed *before* trial.

■ A close reading of the legislative history of 18 U.S.C. § 3288 does not support this contention, but rather compels the conclusion that the "saving statute" is, indeed, applicable when a defendant is reindicted whether before or after a trial. The legislative history of the 1964 amendment to 18 U.S.C. § 3288 states:

" * * * [T]his legislation would remedy a problem which faces the Government as a result of the decision of the Federal District Court for the Northern District of California in *United States v. Hartman,* decided June 19, 1963. In that case, the court held that where a conviction is reversed by a reviewing court because of a defective indictment, the time for reindictment of the prisoner runs from the date of the reviewing court's decision rather than, as the Government contended, from the district court's subsequent dismissal of the indictment. H.R. 7219 would substitute for the language in the present statute which provides that the period for reindictment runs from the time 'such indictment was found defective or insufficient * * *' the words 'the

date of the dismissal of the indictment or information'.

"It is the committee's intention in approving the quoted change in language of the statute to change the rule stated in the *Hartman* decision and make it clear that the time for reindictment begins to run when the district court dismisses an indictment and not when the appellate court holds that the indictment is defective or insufficient." 1964 U.S.Code Cong. and Admin.News, p. 3259.

■ The legislative history reveals that Congress clearly intended that 18 U.S.C. § 3288 be applicable where a conviction is reversed by a reviewing court because of a defective indictment. The "saving statute" now begins to run when the district court dismisses the indictment after the appellate court has held that the indictment was defective. The 1964 amendment to 18 U.S.C. § 3288 was intended to modify the result in *Hartman* only to the extent that the "saving statute" was to run from the date of the order of dismissal of the indictment and not from the date of the appellate decision.[5]

### III.

■ Defendants argue that the construction of 18 U.S.C. § 3288 which this Court now adopts violates the defendants' fifth amendment guarantee against double jeopardy.

In support of the contention that a retrial would violate the fifth amendment, defendants refer to two cases decided by the United States Supreme Court. In Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), petitioner was charged in six counts of an indictment. After a jury was selected and sworn, the prosecutor asked that the jury be discharged because the State's key witness with respect to two of the counts was absent. Petitioner's motion that those two counts be dismissed for want of prosecution was denied and the judge discharged the jury over petitioner's objection. Two days later a second jury was empanelled and petitioner pleaded former jeopardy. On appeal, the United States Supreme Court held that under the special circumstances of that case the defendant was unconstitutionally convicted in violation of the double jeopardy clause.

In United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970), the United States Supreme Court held that the double jeopardy clause prevented reprosecution where the judge discharged the jury and aborted the trial so that witnesses for the prosecution could consult with their attorneys.

The facts in *Downum* and *Jorn* are significantly different than the facts in the instant case. In those cases, the question was: in what circumstances should retrial be precluded when the initial proceedings are aborted prior to verdict *without the defendant's consent*? Here, the question is whether a defendant can be reprosecuted after a successful appeal. In *Jorn*, Mr. Justice Harlan carefully distinguished the two sets of circumstances:

"* * * [R]eprosecution for the same offense is permitted where the defendant wins a reversal on appeal of a conviction * * *. For the crucial difference between reprosecution after appeal by the defendant and reprosecution after a *sua sponte* judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.'" 400 U.S.

---

5. As noted earlier, the instant reindictment of August 3, 1971 was within six months of the Court of Appeals decision (February 18, 1971), as well as the District Court's dismissal of the earlier indictment (July 29, 1971).

at 470, 91 S.Ct. at 556 [citations omitted].

The instant case is no different than any other case where reversible error is committed at trial, a conviction is appealed and reversed and the defendant is then retried. The rationale underlying the right to retry a defendant who successfully appeals his conviction was explained in *Jorn, supra*:

> "The determination to allow reprosecution in these circumstances reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decision-making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." 400 U.S. at 484, 91 S.Ct. at 556.

The double jeopardy clause did not guarantee these defendants that the Government would be prepared, in all circumstances, to "vindicate the social interest in law enforcement through the vehicle of a single proceeding for a given offense." *Id.* Moreover, these defendants, unlike the defendants in *Downum* and *Jorn*, were not deprived of their right to go to the first jury and, perhaps, secure an acquittal. The Opinion of the Court in *Jorn* compels the conclusion that reprosecution of these defendants for acts which were the subjects of prior convictions, is not barred by the double jeopardy clause. See Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); Green v. United States, 355 U.S. 184, 73 S.Ct. 221, 2 L.Ed.2d 199 (1957); United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

Nor does the doctrine of "prosecutorial misconduct", Downum v. United States, *supra*, bar retrial. That doctrine concerns itself with deliberate, premature termination of a trial brought about by the prosecutor where he fears an acquittal if the trial proceeds to its conclusion. Cornero v. United States,

48 F.2d 69 (9th Cir. 1931); *cf.* Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1960). It cannot be said that the failure to convene a new, properly selected grand jury prior to the initial trial was tantamount to "prosecutorial misconduct" which would bar the retrial of these defendants.[6]

The motions of defendants to dismiss the indictment of August 3, 1971 are therefore denied.

So ordered.